Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEDIA122, LLC, a California Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>Plaintiff's Complaint for Copyright Infringement<br><br>**Jury Trial Demanded** |

Plaintiff Creative Photographs, Inc. ("CPI") hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

1
COMPLAINT

# PARTIES

4. CPI is a New York-based premier photographic syndication company that provides photos of models and celebrities created by internationally renowned photographers to communication and media businesses. CPI exclusively administers the copyrights at issue in this action, and thus has standing to maintain this action under 17 U.S.C. § 501(b).

5. Upon information and belief, Defendant Media122, LLC is a California limited liability company with its principal places of business located at 120 Newport Center Drive, Suite 100, Newport Beach CA 92660; and 855 N. Douglas St., El Segundo, CA 90245. Media122 owns, operates, and/or controls the commercial website top5.com and its related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "Defendants' Website").

6. Upon information and belief, Defendants Does 1-10 (collectively, "Doe Defendants") (altogether with Media122, "Defendants"), are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of those copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to CPI, which therefore sues said Doe Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the other Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of CPI's rights and the damages to CPI's proximately caused thereby.

# MEDIA122'S UNAUTHORIZED USES OF
# THE SUBJECT PHOTOGRAPHS

8. CPI is the exclusive syndicator of two original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs"), and represents the photographers who took the Subject Photographs. Accordingly, CPI has standing to maintain this action under 17 U.S.C. § 501(b).

9. Following the publication and display of the Subject Photographs, Defendants, and each of them, stored, displayed, distributed, and/or otherwise exploited verbatim copies of the Subject Photographs for commercial purposes on Defendants' Website without CPI's permission (the "Accused Posts").

10. The Subject Photographs and screen captures of the Accused Posts are set forth below:

| Subject Photographs | Accused Posts |
|---|---|
|  562514 VA 2-238-466 | |

3
COMPLAINT

| Subject Photographs | Accused Posts |
|---|---|
| 180305_ZoG_PAPER_C_AGUILERA_SHOT_01_0090_v4-scr<br><br>VA 2-105-011 | |

11. To the extent Media122 exploited the Accused Posts (and/or any/all other copies of the Subject Photographs) more than three years before the filing of this case, CPI did not know, and had no reason to know, of such exploitation(s).

12. In December 2023, CPI sent correspondence to Media122 demanding that it remove the Accused Posts from Defendants' Website and provide CPI with information regarding the full scope of Media122's unauthorized exploitation of the Subject Photographs in an effort to explore an amicable resolution to this dispute. Because Media122 refused to provide that information, CPI now seeks relief from this Court.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants)

13. CPI incorporates by reference the allegations contained in the preceding paragraphs.

14. Upon information and belief, Defendants, and each of them, accessed the Subject Photographs by, among other things, viewing the Subject Photographs at CPI's and/or the relevant photographers' website(s), profiles, galleries, exhibitions, and/or social media pages; through third-party publications, websites, or Internet search engines; and/or because the Accused Posts are verbatim reproductions of, and thus strikingly similar to, the Subject Photographs.

15. Defendants, and each of them, stored, displayed, distributed, and/or otherwise exploited verbatim copies of the Subject Photographs for commercial purposes on Defendants' Website without CPI's permission.

16. Due to Defendants' acts of copyright infringement, CPI has suffered damages in an amount to be established at trial.

17. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photographs. As such, CPI is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement in an amount to be established at trial.

18. Upon information and belief, Defendants, and each of them, infringed the copyrights in the Subject Photographs with actual or constructive knowledge of, or with reckless disregard or willful blindness for, the copyrights in the Subject Photographs, rendering Defendants' infringements willful.

## PRAYER FOR RELIEF

Wherefore, CPI prays for judgment as follows:

   a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants' and/or their agents, be enjoined

from copying, storing, displaying, reproducing, creating derivative works of, distributing, and/or otherwise exploiting the Subject Photographs without a license, authorization, or consent from Plaintiff in a manner that infringes the copyrights in the Subject Photographs;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its costs and fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 1, 2024   By:   /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
DONIGER/BURROUGHS
Attorneys for Plaintiff